UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL J. O'BRIEN,                )
                                  )
            Plaintiff,            )   10 C 3005
                                  )
      vs.                         )   Judge Feinerman
                                  )
INTUITIVE SURGICAL, INC.,         )
                                  )
            Defendant.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel O'Brien alleges in this action that the "da Vinci surgical robot," a medical device manufactured by Defendant Intuitive Surgical, Inc., was defectively designed, malfunctioned during O'Brien's pancreatectomy and islet cell transplant surgery, and accordingly was responsible for the injuries O'Brien sustained as a result of the surgery. After Intuitive moved to dismiss O'Brien's original complaint, the court allowed O'Brien leave to file an amended complaint. Doc. 11 (Bucklo, J.). The court then dismissed O'Brien's amended complaint without prejudice, explaining that O'Brien "appear[s] to be arguing that he is the victim of doctors' negligence" and noting that the court was "unable to find in plaintiff's lengthy recitation any basis for a claim against this defendant [Intuitive]." Doc. 18 (Bucklo, J.).

O'Brien filed a second amended complaint, Intuitive again moved to dismiss, and the court again dismissed the complaint without prejudice, stating:

> As I understand plaintiff's allegations, which I assume are true for purposes of this motion, the defendant's surgical device failed during or just prior to surgery on plaintiff, therefore the surgeons went ahead with the surgery by means other than the surgical device, and plaintiff has suffered injury as a result of the surgery. Plaintiff seeks numerous kinds of relief but the only relief possible in this suit is damages from injury to plaintiff caused by the

-1-

> defective product. Plaintiff assumes to because there's been a recall of this product (or so it is alleged), defendant is strictly liable for plaintiff's injuries. The problem in plaintiff's complaint is that, as I read it, the product is robotic system for aiding surgery. When the product failed, the surgeon simply converted to open surgery. It is not clear from the complaint whether the failure occurred prior to or during the actual surgery. There is no explanation of how the robot caused plaintiff's injuries. Plaintiff does not claim, and I doubt could claim, that defendant had promised or otherwise owed him a duty under which the device would be used in surgery. The only way to plaintiff might have a claim would be if the failure of the device, for example, caused a rupture or some injury by way of the failure, or perhaps that it caused a delay in completing the surgery, and the delay was the cause of plaintiff's injuries.

Doc. 43 (Bucklo, J.). The court warned that it would "give plaintiff one more opportunity to amend his complaint to state a claim." *Ibid*.

The court's message, drafted in terms that O'Brien (a pro se litigant) could understand, was straightforward. O'Brien seeks to pursue strict product liability and misrepresentation claims against Intuitive. The strict liability claim requires proof of proximate causation. *See Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 345 (Ill. 2008); *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 109 (Ill. App. 2010) (Theis, J.). The misrepresentation claim requires proof that O'Brien was damaged by his reliance on Intuitive's alleged misrepresentations regarding the device, *see Kopley Grp. V., L.P. v. Sheridan Edgewater Props., Ltd.,* 876 N.E.2d 218, 228 (Ill. App. 2007), which can have occurred only if the device proximately caused his injuries; after all, if the device did not cause O'Brien's injuries, he could not have been damaged by relying on anything Intuitive said about it. *See Janowiak v. Tiesi*, 932 N.E.2d 569, 583 (Ill. App. 2010) (proximate cause an element of fraudulent misrepresentation); *Zubi v. Acceptance Indem. Ins. Co.*, 751 N.E.2d 69, 79 (Ill. App. 2001) (same for negligent misrepresentation); *see also Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. and Sur. Co.*, __ N.E.2d __, 2011 WL 901991, at *4 (Ill. App. Mar. 14, 2011) (same for statutory consumer

fraud). The court offered two non-exclusive examples of how the device might have caused O'Brien's injuries: (1) the device's malfunction directly caused a bodily rupture or injury of some sort; and (2) the malfunction and the resulting conversion to "open surgery," meaning surgery unaided by the device, delayed completion of the surgery and that the delay, in turn, caused O'Brien's injuries. Without some explanation of how the malfunction caused his injuries, O'Brien could not "plausibly suggest" proximate causation or, it follows, "a right to relief." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations marks omitted).

O'Brien then filed a third amended complaint. Doc. 94. Intuitive moved to dismiss, and O'Brien did not file a response. Intuitive's motion is granted because the third amended complaint, like the second amended complaint, fails to plausibly suggest that the device proximately caused O'Brien's injuries. The third amended complaint is an improvement over its predecessor in that it expressly alleges that the device malfunctioned during surgery. *Id*. at 2, 14-15. But the third amended complaint does not allege what the latest dismissal order required O'Brien to allege—that the malfunction directly caused a bodily rupture or injury of some sort; that the malfunction caused a delay in the surgery's completion and that the delay, in turn, led to O'Brien's injuries; or anything else plausibly suggesting that the malfunction proximately caused the O'Brien's injuries. All the third amended complaint offers along those lines are "abstract recitations of the elements of a cause of action [and] conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see* Doc. 94 at 5 (alleging that O'Brien's injuries were "entirely due to the documented failure of the [device] early on into the surgery and [Intuitive's] encouragement of the physicians to continue an off label surgery for various reasons, none that had to do with [O'Brien's] physical well being, but rather through both

financial and product viability reasons"), 19 ("As a result of problems associated with the botched surgery due to the malfunction of a defective device on December 14, 2007, [O'Brien] lost his ability to live independently, and instead, because dependent on others to assist him."). As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Federal Rule of Civil Procedure 8(a). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In sum, because the third amended complaint fails to plausibly suggest that Intuitive proximately caused O'Brien's injuries, the complaint is dismissed. *See Johnson v. Wal-Mart Stores, Inc.*, 588 F.3d 439, 441-45 (7th Cir. 2009) (affirming Rule 12(b)(6) dismissal due to complaint's failure to plausibly suggest proximate cause); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 213-14 (5th Cir. 2010) (same). And because the latest dismissal order warned that this would be O'Brien's last chance to plead a proper claim against Intuitive, the dismissal is with prejudice. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("where the plaintiff has repeatedly failed to remedy the same deficiency, the district court d[oes] not abuse its discretion by dismissing the claim with prejudice").

July 25, 2011

_____
United States District Judge